### PEOPLE v. COSTEA

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DUTY OF PROSECUTION TO PRODUCE—FAILURE TO PRODUCE WITNESS—USE OF PRIOR TESTIMONY—DISCRETION.

   The question of whether the prosecution has put forth a proper effort to produce for trial a *res gestae* witness to a crime is for the discretion of the trial court, and the testimony of a witness as given at defendant's preliminary examination may be used where a proper effort to produce the witness for the trial was unsuccessful and where the defense had a full opportunity for cross-examination at the preliminary examination.

2. JURY—CRIMINAL LAW—SODOMY—BIAS OF JUROR—APPEAL AND ERROR.

   Defendant's assertion that his conviction of sodomy was tainted by the presence on the jury of an acquaintance of the victim's father will not be considered on appeal where this fact was brought to the attention of the trial court, the trial court examined the juror and determined that he could be impartial, and there was no further objection from the defense at trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 343, 344.
[2] 47 Am Jur 2d, Jury § 321.
[3] 48 Am Jur, Sodomy § 2.
   6 Am Jur 2d, Assault and Battery §§ 27, 42.

3. SODOMY—CRIMINAL LAW—TRIAL—JURY INSTRUCTIONS—INCLUDED OFFENSES.

Defendant's contention that the trial court's failure to instruct the jury that assault and battery was an included offense in a sodomy charge will not be considered on appeal where there was no objection to the charge at the trial.

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 June 3, 1969, at Grand Rapids. (Docket No. 6,068.) Decided August 28, 1969. Application for leave to appeal filed September 25, 1969.

John Costea was convicted by jury of sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Gemuend & Gemuend,* for defendant.

Before: GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. Defendant was convicted by a jury of sodomy.[1] The offense took place in the Ionia County Jail while defendant was awaiting trial on another matter.

At trial, a transcript of the testimony of a *res gestae* witness at the preliminary examination was introduced into evidence on the ground that the witness was unavailable to testify in person. Defendant contends on appeal that there was insufficient investigation made to determine the whereabouts of the witness and that the transcript should not have been admitted into evidence.

---

[1] CL 1948, § 750.158 (Stat Ann 1962 Rev § 28.355).

It is provided by statute[2] that testimony taken at a preliminary examination may be used by the prosecution "whenever the witness giving such testimony cannot, for any reason, be produced at the trial." Before trial, the witness had been served with a subpoena. On the morning of the trial, upon his failure to appear, the record reveals that a thorough search for the witness was made without success.

"Sufficient effort to secure the attendance of a material witness is a question for determination by the trial judge, and there is no showing of judicial abuse of discretion under the circumstances in the instant matter." *People* v. *Dusterwinkle* (1966), 3 Mich App 150, 153. We note, as well, that the "unavailable" witness was cross-examined by defense counsel at the preliminary examination. See *People* v. *Pickett* (1954), 339 Mich 294, (45 ALR2d 1341), *cert den* 349 US 937 (75 S Ct 781, 99 L Ed 1266).

When the victim was sworn as a witness at trial, one of the jurors stated that he knew the witness' father. The trial court then excused the jury and conducted a *voir dire* examination to determine any possible bias on the part of the juror. The trial court determined that the juror would not be prevented from rendering an impartial verdict. No objection by defense counsel was made to the juror remaining on the panel, nor was there any motion for a mistrial. Defendant's assertion of error in the ruling by the trial court, made for the first time on appeal, is untimely. GCR 1963, 507.5; *People* v. *Paul F. Baker* (1967), 7 Mich App 471.

The trial court submitted three possible verdicts to the jury: not guilty, guilty as charged or guilty of assault with intent to commit sodomy. Defendant

---

2 CL 1948, § 768.26 (Stat Ann 1954 Rev § 28.1049).

contends that the court erred by failing to include the offense of assault and battery.

At the conference in chambers to discuss the instructions on possible verdicts, the following conversation took place between the trial court and defense counsel:

*"Mr. Gemuend:* What about assault and battery?

*"The Court:* Is there anything in there about that? I don't think assault and battery would come under that.

*"Mr. Gemuend:* This would be an includable offense, wouldn't it?

*"The Court:* I'd say no. I'll give this, assault with intent to commit sodomy.

*"Mr. Gemuend:* All right."

Defense counsel offered no authority then, nor does he now, to support the contention that assault and battery, under these facts, constitutes a lesser included offense on a charge of sodomy. Nor was the objection sufficiently raised to preserve the question for appeal.

Defendant's final contention, that the victim's testimony regarding a conversation with defendant about defendant's knowledge of prison life was error, is without merit.

Affirmed.

All concurred.