PEOPLE *v* LYTTLE

PEOPLE *v* HUTCHENS

CRIMINAL LAW—EVIDENCE.

> Admitting a shotgun taken from under defendants' automobile seat was not reversible error where, even though the defendants did not move to suppress the evidence before the trial, the trial court held an evidentiary hearing and decided that the weapon was not taken during an illegal search and seizure.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 7, 1972, at Lansing. (Docket Nos. 10413, 11523.) Decided March 28, 1972. Leave to appeal denied as to Hutchens, 388 Mich 764.

Howard Lyttle and Aubon Hutchens were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Frederick Zizelman,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Searches and Seizures § 54.

PER CURIAM. Defendants were tried and convicted of armed robbery, MCLA 750.529; MSA 28.-797; they appeal as of right.

Three issues are raised on the appeal. Two of the issues relate to alleged tainted in-court identification. *People* v *Childers,* 20 Mich App 639 (1969) and *People* v *Piscunere,* 26 Mich App 52 (1970) control these issues and no further discussion of them is warranted. Neither discloses error.

The last issue raised is whether the trial court committed reversible error when it admitted into evidence a shotgun which was taken from under the seat of the defendants' automobile. No motion to suppress was made prior to trial, so this issue was not properly preserved for appeal. *People* v *George Martin,* 31 Mich App 624 (1971).

The trial court, however, did take proofs on the issue to decide if there was an illegal search and seizure. After hearing the testimony, the trial court decided there was not an illegal search and seizure and the weapon was admitted. A review of the record does not disclose reversible error by the trial court on this issue.

Convictions affirmed.