PEOPLE v PLOZAI

1. HOMICIDE—MURDER—CLOSING ARGUMENT—PROSECUTOR'S REMARKS
—FAILURE TO OBJECT—INSTRUCTIONS TO JURY.

The Court of Appeals declines to reverse a conviction of first-degree murder where any prejudice resulting from the prosecutor's remark on defendant's guilt in closing argument could have been cured by instruction had defendant objected to the remark at the trial.

2. CRIMINAL LAW—TRIAL—CONFERENCES—DEFENDANT'S PRESENCE—
OBJECTIONS—COUNSEL'S PRESENCE.

The trial court's refusal to allow defendant in a criminal case to be present at an in-chambers conference even though defendant objected to his own absence from the conference was not prejudicial error where the trial judge stated that only matters of law would be discussed and defendant's counsel was present during the conference.

3. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—EVIDENCE—PRE-
SERVING QUESTION—APPEAL AND ERROR.

Defendant's failure timely to file a motion to suppress a rifle from trial evidence precludes raising the issue on appeal; a motion to suppress evidence on the basis of an illegal search and seizure must generally be made prior to trial.

4. HOMICIDE—MURDER—SELF-DEFENSE—AGGRESSOR—INSTRUCTIONS TO
JURY.

The proper rule on the claim of self-defense by an aggressor was explicitly stated in an instruction to the jury in a murder trial: that if the defendant was the aggressor in the conflict, he cannot invoke the doctrine of self-defense as an excuse for the killing unless he was at that time in imminent danger of losing his own life or suffering some grievous bodily injury and there

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 135, 136.
[2] 21 Am Jur 2d, Criminal Law §§ 289, 294.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 53 Am Jur, Trial § 650.
[5] 5 Am Jur 2d, Appeal and Error § 553.

was no way for him to retreat, as he saw it, and his only safety lay in striking the blow which caused the death of the victim.

5. HOMICIDE—MURDER—PHOTOGRAPHS—EVIDENCE—OBJECTION—SELF-DEFENSE—APPEAL AND ERROR.

> Admission into evidence in a murder trial of photographs showing the bloody condition of the deceased victim over the objection of defense counsel that they were inflammatory was not error since they were substantially necessary or instructive to show material facts or conditions where the angle and position of bullets' entry into and exit from the victim's body were placed in issue by defense counsel's opening statement to the jury outlining defendant's claim of self-defense, asserting how defendant had shot the victim, and from what location in the house.

Appeal from Roscommon, Willard L. Mikesell, J. Submitted Division 3 January 5, 1973, at Grand Rapids. (Docket No. 12974.) Decided October 30, 1973.

Anthony Plozai was convicted of first-degree murder. Defendant appeals. Affirmed on rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Norman K. Marsh* and *Robert Heff,* Prosecuting Attorneys (Prosecuting Attorneys Appellate Service, *Thomas R. Lewis,* Director, and *Howard C. Marderosian,* Staff Attorney, of counsel), for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ON REHEARING.

PER CURIAM. Defendant was convicted by jury of first-degree murder. MCLA 750.316; MSA 28.548. We initially reversed his conviction March 22, 1973, on the grounds that the prosecutor had made improper and prejudicial remarks in his closing argument to the jury. The Roscommon County Prosecutor along with the Prosecuting Attorney's Appellate Service made an application for rehearing April 10, 1973, which we granted May 2, 1973.

We have reviewed our former opinion and have decided that our determination therein was erroneous. We found reversible error in the prosecutor's remark in closing argument, even though not objected to, that:

"William Carter Ellixson was a policeman also serving his country, doing all he could to protect society. He walked, thought, had his little vices, supported his wife, cared for children, managed his business, ran for public office, planned for his future in his retirement years. I speak of him in the past. This was once a man. Here is what we have got left of him. (Indicating.) Because on January 9th, 1971, out in a lonely cottage in the beautiful woods of winter, he was foully murdered, and there sits his murderer."

We relied on *People v Ignofo,* 315 Mich 626; 24 NW2d 514 (1946), for the proposition that the prosecutor's expression of defendant's guilt was so highly inflammatory and patently prejudicial that reversal was warranted though no contemporaneous trial objection was made. We note, however, that in a number of more recent cases this Court has found no reversible error in prosecutorial remarks of similar character that were not objected to at trial. *People v Evans,* 36 Mich App

238, 241; 193 NW2d 387, 389 (1971); *People v David Smith,* 16 Mich App 198, 201; 167 NW2d 832, 834 (1969); *People v Russell,* 27 Mich App 654, 663; 183 NW2d 845, 850 (1970); *People v Rowls,* 28 Mich App 190, 195; 184 NW2d 332, 334–335 (1970). Moreover, in *Ignofo* only two Justices thought the statement by the prosecutor that "Joe Neuff [the defendant] killed that man" constituted reversible error despite the absence of an objection, while three Justices, concurring in the result, were unwilling to hold that the statement could not have been cured by appropriate court instruction, and the remaining two Justices concurred in the result without opinion. We believe the prejudice resulting from the prosecutor's remark here could have been cured by instruction had defendant objected to the remark below and therefore we decline to reverse on this issue.

Four other issues raised by defendant on appeal need now be considered. First, defendant contends that the court's refusal to allow him to be present at an in-chambers conference denied his rights to a fair trial and to be present during trial. See *People v Medcoff,* 344 Mich 108; 73 NW2d 537 (1955). This is not a case where an in-chambers hearing was held on the conduct of jurors, which has been held to be a critical stage of the proceeding. See, *People v Percy Harris,* 43 Mich App 746; 204 NW2d 734 (1972). Rather, the judge here explicitly stated that only legal matters were to be discussed, and defendant's lawyer would be present in chambers. Thus, this case falls under the purview of cases like *People v Townsend,* 24 Mich App 286; 180 NW2d 101 (1970) and *People v Bowman,* 36 Mich App 502; 194 NW2d 36 (1971), holding that defendant's presence at conference is required only where his substantial rights may be

affected, such as where evidence might be introduced. Even though defendant objected to his absence from the conference, and although it is wiser policy to allow the defendant to be present at all conferences that occur during trial no matter their nature in order to neutralize this issue on appeal, we can find no prejudicial error here where the trial judge stated that only matters of law would be discussed and defendant's counsel was present during the conference.

Second, defendant contends it was reversible error to admit into evidence a rifle discovered as a result of an alleged illegal search and seizure. However, a motion to suppress evidence on the basis of an illegal search and seizure must generally be made prior to trial. GCR 1963, 108.4; *People v Ferguson,* 376 Mich 90; 135 NW 2d 357 (1965); *People v Lyttle,* 39 Mich App 544; 198 NW2d 40 (1972). Defendant's failure to file a timely motion to suppress the rifle from trial evidence precludes raising the issue on appeal here. *Cf. People v LaGrange,* 40 Mich App 342; 198 NW2d 736 (1972).

Third, defendant claims the trial court erroneously charged the jury by instructing them that an aggressor cannot claim self-defense. The pertinent part of the instruction reads:

"In justification of the offense here charged against the defendant, he has interposed a plea of self-defense and, under certain circumstances, this is a good defense. To make the plea available, it must appear that the respondent was without fault upon his part. If he himself was the aggressor in the conflict, he cannot invoke the doctrine of self-defense as an excuse for the killing unless he was at that time in imminent danger of losing his own life or suffering some grievous bodily injury and there was no way for him to retreat, as he

saw it, and his only safety lie in striking the blow which caused the death of William Ellixson."

There is simply no way that this instruction is objectionble on the grounds that it precludes an aggressor from claiming self-defense as justification for his acts. Rather, it explicitly states the proper rule.

Finally, defendant claims that it was prejudicial error to admit bloody photographs of the deceased victim over the objection of defense counsel that they were inflammatory. In his opening statement to the jury, defense counsel outlined defendant's claim of self-defense, asserting how the defendant had shot the victim and from what location in the house. Thus, the angle and position of the bullets' entry into and exit from the victim's body were thereby placed in issue. Since the photographs were "substantially necessary or instructive to show material facts or conditions" there was no error in their admission into evidence. *People v Eddington,* 387 Mich 551, 562; 198 NW2d 297, 301 (1972); *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973).

Affirmed.