PEOPLE v GIACALONE

1. CRIMINAL LAW—CLOSING ARGUMENT—PROSECUTOR'S REMARKS—
   REASONABLE INFERENCES—FAILURE TO OBJECT.

   Remarks of a prosecutor which characterized defendant as a
   "professional" do not mandate reversal of his conviction where
   the facts contained in the record would indicate that defendant
   operated in a manner other than as a first-time amateur and
   that the prosecutor's remarks were legitimate comment upon
   the evidence, and where the remarks could have been cured by
   cautionary instruction had objection been made.

2. CRIMINAL LAW—DEFENDANT TESTIFYING—EVIDENCE—PRIOR AR-
   RESTS—CASE LAW—RETROACTIVITY.

   Denial of a defendant's preliminary motion that the prosecution
   be enjoined from inquiring into his arrest record had he chosen
   to take the stand was not error where the trial occurred prior
   to a Court of Appeals decision prohibiting inquiry into prior
   arrests which did not result in conviction because the Court of
   Appeals declines to make that decision retroactive absent a
   clear expression that it should be so by the Supreme Court.

3. CRIMINAL LAW—WITNESSES—PRIVILEGE AGAINST SELF-INCRIMINA-
   TION—DISCRETION.

   Permitting the prosecution to call as a witness at defendant's
   trial a codefendant who had previously informed the court that
   he would invoke his privilege against self-incrimination was not
   an abuse of discretion because a witness is not exonerated from
   testifying merely because he believes he would incriminate
   himself and it is for the court, not the witness, to decide
   whether his silence is justified.

Appeal from Genesee, Donald R. Freeman, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 135, 136.
   5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 585.
[3] 29 Am Jur 2d, Evidence §§ 189, 638, 640.

Submitted Division 2 January 2, 1974, at Lansing. (Docket No. 16852.) Decided March 29, 1974. Leave to appeal applied for.

Joseph Giacalone was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Thomas R. McCombs,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

BASHARA, J. Defendant Joseph Giacalone, Loren Jolly, and Caesar Montevecchio were charged on December 13, 1967 with armed robbery. MCLA 750.529; MSA 28.797. Defendant Giacalone and Montevecchio were granted motions to be tried separately from Jolly. Giacalone and Montevecchio were subsequently tried together and found guilty by a jury of armed robbery as originally charged. Defendant Giacalone was sentenced to a term of 50–70 years incarceration. Montevecchio was similarly sentenced but his conviction was reversed due to prejudicial prosecutorial remarks. *People v Montevecchio,* 32 Mich App 163; 188 NW2d 186 (1971). Giacalone appeals raising six issues for this Court's determination including the same prosecutorial statements which prompted reversal of co-defendant Montevecchio's conviction.

The following comment was made in the prosecutor's closing argument:

"And, these men were pretty good criminals, they weren't amateurs. They were pros. They knew what they were doing.

"Most amateurs can get a couple of friends to put in a good word for them, and I assure you that a pro can, with stories that you couldn't check out for love nor money."

Defendant contends that the characterization of him as a professional was inflammatory and prejudiced his right to a fair trial. Defendant, however, did not object to these comments nor did he request a cautionary instruction by the trial judge. The recognized rule that unobjected-to remarks, which could have been cured by cautionary instruction had objection been made, do not merit reversal has lately been affirmed in *People v Plozai,* 50 Mich App 131; 212 NW2d 721 (1973). In that case, the Court held that the labeling of defendant as a murderer could have been cured had timely objection been made. Although another panel of this Court has found the present remarks incurable, we must disagree and therefore find the instant case indistinguishable from the decision in *Plozai, supra.*

Furthermore, the prosecutor may draw reasonable inferences from the evidence presented and discuss them in his closing argument. The facts contained in the record would indicate that defendant operated in a manner other than as a first-time amateur. The propriety in using the term "professional" to describe the defendants was examined by this Court in *People v Jolly,* 51 Mich App 163, 168; 214 NW2d 849 (1974):

"The first four quotes concern comment that the defendants were professionals. They were. The record demonstrates that the whole robbery was planned in advance, the store was carefully selected as the target, a getaway car was specially stolen, and prior arrangements to 'fence' the goods were made. The prosecutor's

remarks were legitimate comment upon testimonial evidence."

We are in accord with this statement as it applies to defendant Giacalone and find that the remarks do not mandate reversal of his conviction.

Defendant next contends that it was error to deny his preliminary motion that the prosecution be enjoined from inquiring into his arrest record had he chosen to take the stand. Defendant cites *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), as support for his position. *Brocato, supra,* prohibited inquiry into prior arrests which did not result in conviction.[1] However, the trial in the instant case occurred before the decision in *Brocato, supra,* was released and the question of its retroactivity must once again be decided. This Court had previously held in *People v Rappuhn,* 25 Mich App 62; 180 NW2d 900 (1970), that *Brocato, supra,* was not retroactive. The Supreme Court of Michigan reversed, *People v Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973), but without expressly ruling on the question of retroactivity. We again decline to make *Brocato, supra,* retroactive absent a clear expression that it should be so by the Supreme Court. We are satisfied that the rationale espoused by our Court in *Rappuhn, supra,* against retroactivity is still valid and applicable to this case.

The third issue raised by defendant is whether the trial court erred in permitting the prosecution to call codefendant Jolly to the witness stand when he had previously informed the court that he would invoke his privilege against self-incrimi-

---

[1] The prohibition against impeaching defendants by use of prior arrests which did not result in convictions was extended to any witness in *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973). *Falkner, supra,* was held not to be retroactive in *People v Collier* (Docket No. 16346, decided March 22, 1974 [unreported]).

nation. The sole prosecutorial questioning was as follows:

"*Q.* What is your name?
"*A.* Loren Jolly.
"*Q.* Mr. Jolly, do you recall the date of August 15, 1967?
"*A.* By advice of counsel, I refuse to answer on the ground that it may tend to incriminate me."

The contention made by defendant in the instant case was heard and rejected in *United States v Brickey,* 426 F2d 680, 688–689 (CA 8, 1970):

"The duty of a witness to testify is a vital and necessary part of our adversary trial system. Therefore, a witness cannot refuse to be sworn and must tell what he knows up to the point of his involvement in crime. * * * As noted in *Marcello v United States,* 196 F2d 437, 441 (CA 5, 1952): 'The privilege against self-incrimination cannot be asserted in advance of the questions actually propounded in the examination or hearing.' "

A witness is not exonerated from testifying merely because he believes he would incriminate himself. It is for the court, not the witness, to decide whether his silence is justified. *Rogers v United States,* 340 US 367; 71 S Ct 438; 95 L Ed 344 (1951). We find no abuse of discretion by the trial court in allowing the prosecutor to call the witness to testify.

The remaining allegations of error concern the trial court's instructions and prosecutorial innuendo during closing argument. An examination of the record on this basis discloses no prejudicial error.

Affirmed.

All concurred.