PEOPLE v GREGORY WILLIAMS

1. CRIMINAL LAW—PROSECUTORS—PROSECUTOR'S REMARKS—EVIDENCE
   —ABSENT WITNESSES.

   Reference by the prosecution to possible testimony of
   eyewitnesses, where those eyewitnesses have not been called to
   testify at the trial, is impermissible.

2. TRIAL—PROCEDURE—OBJECTIONS.

   Objections to opposing counsel's conduct of the trial should be
   directed to the court and interruptions addressed to opposing
   counsel objecting to trial procedure are improper.

3. CRIMINAL LAW—PROSECUTOR—EVIDENCE—INFERENCE—CONCEALED
   WEAPONS—INTENT.

   Motive or intent for carrying a concealed weapon is irrelevant;
   therefore an implication by the prosecution that defendant was
   carrying a weapon with the intent to gain money by unlawful
   means is reversible error because it serves to divert the jury
   from the narrow issue of the guilt or innocence of the accused.

4. CRIMINAL LAW—PROSECUTORS—QUESTIONING DEFENDANTS—ATTOR-
   NEY AND CLIENT—PRIVILEGE—CONTENT OF COMMUNICATIONS.

   The attorney-client privilege is unduly infringed upon where the
   court allows the prosecution to question a defendant as to when
   he first told his attorney about an alleged police bribe solicita-
   tion, since such a question necessarily concerns the content of
   the conversation and goes to the substance of what was said.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 235 *et seq.*
[2] 75 Am Jur 2d, Trial § 315.
[3] 75 Am Jur 2d, Trial § 261.
   56 Am Jur, Weapons and Firearms §§ 10, 12.
   Propriety and effect of prosecuting attorney's argument to jury
   indicating his belief or knowledge as to guilt of accused. 50
   ALR2d 766.
[4] 75 Am Jur 2d, Trial § 248.
   58 Am Jur, Witnesses § 620 *et seq.*
   Propriety and prejudicial effect of comment by counsel as to refusal
   to permit introduction of privileged testimony. 32 ALR3d 906.

Appeal from Recorder's Court of Detroit, Susan D. Borman, J. Submitted Division 1 December 2, 1975, at Detroit. (Docket No. 19008.) Decided January 8, 1975. Leave to appeal denied, 394 Mich —.

Gregory C. Williams was convicted of carrying a concealed weapon. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, for the people.

*Stuart M. Israel,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

J. H. GILLIS, P. J. Defendant Gregory Williams was convicted by a jury of carrying a concealed weapon, MCLA 750.227; MSA 28.424. He was sentenced to a term of three to five years in prison and appeals as of right. We reverse.

The people's case against defendant was based mainly on the testimony of two police officers. These two officers stated that while out on patrol on March 13, 1973, they observed defendant and Deborah Anderson drinking wine on a public sidewalk. Since this public drinking was an apparent violation of a city ordinance, the officers stopped to question defendant on the propriety of his actions. Not wishing to be questioned, defendant fled, pausing only long enough to drop a pistol on the sidewalk. The officers soon apprehended him, and arrested him for carrying a concealed weapon.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's first contention is that he did not receive a fair trial because of certain prejudicial remarks made by the prosecutor. While we choose to discuss only one of these remarks, we do not mean to infer approval of all other aspects of the trial.[1]

During the trial, the prosecutor closely questioned defendant's wife about the amount of money defendant provided for her. She testified that he gave her some whenever he could. Later, the prosecutor also questioned defendant about his various sources of income. Defendant admitted that he was, at best, only sporadically employed. At this time, defense counsel objected:

> "*Mr. Arduin:* This is immaterial and irrelevant, your Honor. Objection.
>
> "*Mr. Weiswasser:* If the Court please, motive is never immaterial or irrelevant.
>
> "*Mr. Arduin:* Motive for what, sir?
>
> "*Mr. Weiswasser:* Motive for carrying a gun.
>
> "*Mr. Arduin:* What's that got to do with whether or not he was working?
>
> "*Mr. Weiswasser:* If the man was carrying a gun, your Honor, I assume he would have a lot of motives in carrying a gun, and not having any money would certainly have something to do with it."

---

[1] At one point during the trial, the prosecutor told the jury that there were many eyewitnesses to the arrest, and that these eyewitnesses would have backed up the police officers' version of the arrest had they been called as witnesses at the trial. While defendant does not question the prosecution's failure to endorse these res gestae witnesses, this type of prosecutorial "testimony" is nonetheless impermissible. *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969). The prosecutor's statement that defendant was "a denizen of the street, and you know how people of the streets are" was both prejudicial and irrelevant.

Additionally, the prosecutor habitually interrupted defense counsel with statements addressed to counsel about his trial procedure. This is improper. Objections to opposing counsel's conduct of the trial should be directed to the court. While we need not decide whether these errors would require reversal, we note them to indicate our disapproval.

We find this line of questioning highly prejudicial. Motive or intent for carrying a concealed weapon is irrelevant.[2] A reading of the transcript convinces us that the prosecutor was attempting to show the jury that defendant was "a bad actor". The clear implication of the above quote is that defendant used or would have reason to use his gun to obtain money. This theory has no place in a "carrying a concealed weapon" case. We find the language in *People v Farrar*[3] appropriate:

> "The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law."

Furthermore, we do not think that the one-line jury instruction, "Now, the intent, or purpose for which a pistol is carried or concealed on the person is immaterial", sufficed to undo the prejudice. The trial judge had already permitted the prosecutor, over objection, to question defendant's intent in carrying the gun and to imply that this intent was probably illegal. In such a situation, it cannot be said with certainty that the jury would heed the instruction and ignore everything they had heard earlier.[4]

Defendant's second argument on appeal is that his right to the attorney-client privilege was vio-

[2] *People v Williamson*, 200 Mich 342; 166 NW 917 (1918); *People v Iacopelli*, 30 Mich App 105; 186 NW2d 38 (1971).

[3] *People v Farrar*, 36 Mich App 294, 299; 193 NW2d 363, 365 (1971), quoting from American Bar Association Project on Standards for Criminal Justice, The Prosecution Function, Std. 5.8(d).

[4] We are aware of *People v Johnson*, 48 Mich App 50; 209 NW2d 868 (1973), *lv granted* 391 Mich 764 (1974). That case may be distinguished on the ground that Johnson's attorney did not object to the prosecutor's statement. Nonetheless, that opinion and this one cannot be read entirely consistently. To the extent that they differ, we reject the reasoning of *Johnson*.

lated. In order to understand defendant's contention, it is necessary to review some of the testimony at trial.

As stated earlier, the police testified that when they stopped to question defendant Williams about his public drinking, Williams ran a short distance and dropped a pistol. On cross-examination of the police, defendant did not question this version of the incident. But, when Williams himself took the stand, he denied ever having the gun. He claimed that the police planted it on him, and offered to let him go free in exchange for $50. This testimony was the first reference of any sort to the alleged police misconduct. The prosecutor was naturally curious as to why defense counsel did not question the police officers about the bribe attempt. He therefore asked defendant, during cross-examination, when defendant had first told his attorney about the alleged bribe offer. Defense counsel objected, claiming the information to be privileged. The trial judge allowed the testimony, stating that the question did not go to the substance of what was said, but only to when it was said. We disagree. This type of question necessarily concerns content. It requires defendant to either affirm or deny ever making the statement to his attorney. As such, it infringes upon the attorney-client relationship. However, because of our decision on defendant's first issue, we need not decide whether the error would have required reversal.

Reversed and remanded for new trial.

All concurred.