PEOPLE v STYLES

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ELEMENTS OF OF-
   FENSE.

   For an offense to be lesser included it must contain some, but not
   all, of the elements of the higher offense and there must be no
   additional elements of the included offense which are not part
   of the higher offense.

2. ROBBERY—ARMED ROBBERY—ELEMENTS OF OFFENSE—STATUTES.

   The essential elements of the crime of armed robbery are: (1) that
   an assault was committed by a defendant upon the complain-
   ant, (2) that the defendant feloniously took any property which
   might be the subject of larceny from the complainant or in his
   presence, and (3) that the defendant was armed with a weapon
   described in the statute (MCLA 750.529).

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ROBBERY—ARMED
   ROBBERY—LARCENY—LARCENY BY TRICK.

   Larceny by trick is not a lesser included offense within armed
   robbery because larceny by trick involves the criminal taking
   of property by trick or fraudulent contrivances and armed
   robbery contains no element of trick or fraudulent contriv-
   ances.

4. CRIMINAL LAW—APPEAL AND ERROR—PROSECUTOR—REMARKS TO
   JURY—OBJECTIONS—MANIFEST INJUSTICE.

   Failure to object to a prosecutor's allegedly prejudicial closing
   remarks to the jury precludes appellate review where there
   was no manifest injustice.

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 April 14, 1975,

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 185, 494.
[2] 67 Am Jur 2d, Robbery § 4.
[3] 67 Am Jur 2d, Robbery §§ 2, 72.
[4] 30 Am Jur 2d, Evidence § 1022.
   75 Am Jur 2d, Trial §§ 166, 167, 708.

at Detroit. (Docket No. 21410.) Decided May 30, 1975.

John L. Styles was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Robert J. Singer,* for defendant on appeal.

Before: ALLEN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was found guilty on May 15, 1974 of armed robbery, MCLA 750.529; MSA 28.797, after a jury trial in Detroit Recorder's Court. He was sentenced to a term of from 2 to 5 years in prison and appeals of right.

On appeal, defendant raises two claims of error. He first contends that the trial court erred by refusing his request to instruct the jury as to the lesser included offense of larceny by trick. At trial, defendant took the witness stand and described himself as a "hustler" and "con man". He described a scheme by which he had allegedly tricked the complainant out of a small amount of money. The complainant testified that he was accosted by two men, one of whom was wielding a gun. The two robbers fled in a car which the complainant claimed was driven by defendant.

For a crime to be a lesser included offense of a greater charged offense, it must as a matter of law have some, but not all of the elements of the

greater offense, *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684; 194 NW2d 693 (1972), and must have a basis in the evidence, *People v Stram,* 40 Mich App 249, 254; 198 NW2d 753 (1972), *lv den,* 388 Mich 796 (1972).

We must reject defendant's claim because we find, as a matter of law, that larceny by trick is not a lesser included offense of armed robbery.

"For an offense to be lesser included it must contain some, but not all of the elements of the higher offense and there must be no additional elements in the 'included' offense which are not part of the 'higher' offense." *Genesee Prosecutor v Genesee Circuit Judge, supra,* at p 684.

See also *People v Wheat,* 55 Mich App 559, 563; 223 NW2d 73 (1974).

The essential elements of armed robbery are: (1) that an assault was committed by defendant upon the complainant, (2) that the defendant feloniously took any property which might be the subject of larceny from the complainant or in his presence, (3) that the defendant was armed with a weapon described in the statute. *People v McGuire,* 39 Mich App 308, 313; 197 NW2d 469 (1972), *lv den,* 387 Mich 810 (1972). The offense of larceny by trick involves the criminal taking of property by means of fraudulent contrivances rather than by trespass, "when the true owner has no intention of giving ownership but only intends to give up possession". *People v Niver,* 7 Mich App 652, 657; 152 NW2d 714 (1967). See also *People v Dansby,* 48 Mich App 185; 210 NW2d 392 (1973); 3 Gillespie, *Michigan Criminal Law & Procedure* (2d ed), §§ 1795–1797, pp 2140–2142. The offense of armed robbery contains no element of trick or fraudulent

contrivances, and, thus, cannot have larceny by trick as a lesser included offense.

Defendant's contention seems more appropriately a claim that he was denied due process of law by the prosecutor's charging him under the wrong statute. The facts presented by the complainant at trial, however, indicate that the prosecutor had a definite basis in fact for the armed robbery charge, *People v Ferguson,* 46 Mich App 331, 338; 208 NW2d 647 (1973), and made a clearly legitimate exercise of his discretion in doing so, *Genesee Prosecutor v Genesee Circuit Judge, supra.*

Defendant's second claim of error is that the prosecutor made remarks while cross-examining defendant and in making his closing argument which constituted reversible error. In the first instance cited by defendant, the prosecutor, while bringing out defendant's prior convictions, stated: "Now you are trying to flimflam this jury * * * ". Defense counsel objected, and the court gave a cautionary instruction which we find to have vitiated any prejudice.

Defendant did not object to the prosecutor's closing remarks, which he now contends represented prejudicial error. In the absence of such objection, only manifest injustice will require a reversal. MCLA 769.26; MSA 28.1096. *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974), *lv den,* 392 Mich 786 (1974). Examining the prosecutor's closing argument in its entirety, *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973), we do not find that they produced such injustice. This is especially true in view of the fact that the court cautioned the jury that:

"I would like to also at this stage, caution the jury

that remarks made by counsel on either side of the case, including their summation of the case, do not constitute evidence in the case, and remarks made by the court do not constitute evidence in the case.

"The evidence in the case comes from the witness stand by persons who have testified before you."

Affirmed.