PEOPLE v GLORIA WILLIAMS

OPINION OF THE COURT

1. CRIMINAL LAW—PROSECUTORS—CLOSING ARGUMENT—INFERENCES.

   A prosecutor may draw reasonable inferences based on the evidence in his closing argument.

2. CRIMINAL LAW—JURY—PROSECUTOR'S REMARKS—DIVERTING JURY FROM DUTY.

   A prosecutor must refrain from argument which would divert the jury from its duty to decide the case on the evidence and must not inject issues broader than the guilt or innocence of the accused under the controlling law.

3. CRIMINAL LAW—JURY—EVALUATING GUILT OR INNOCENCE—PROSECUTOR'S REMARKS—JURORS' EMOTIONS—SOCIAL PROBLEMS.

   A prosecutor must exercise special care to avoid arousing jurors' emotions concerning social problems, because their emotional reaction to social problems should play no role in the evaluation of an individual's guilt or innocence.

4. CRIMINAL LAW—APPEAL AND ERROR—JURY—PROSECUTOR'S REMARKS—IMPROPER ARGUMENT.

   A defendant's conviction must be reversed where a court allowed a prosecutor to argue that the jurors had an "opportunity to effect the drug traffic in this city", and thereby appeal to the jurors' fears and encourage them to go outside the evidence and decide the case on the basis of their desire to alleviate the drug problem.

CONCURRENCE BY BRONSON, J.

5. CRIMINAL LAW—APPEAL AND ERROR—MANIFEST INJUSTICE—PROSECUTOR'S REMARKS.

   *A defendant's conviction must be reversed where the prosecutor*

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 260.
[2, 3] 75 Am Jur 2d, Trial §§ 225 *et seq.*, 287.
[4] 75 Am Jur 2d, Trial § 289.
[5] 75 Am Jur 2d, Trial § 230.

*indulged in a whole series of comments characterizing defendant as the operator of a dope house, which allegation was not supported by the evidence and focused the attention of the jury on issues broader than the guilt or innocence of the accused; the prosecutor's remarks resulted in a manifest injustice.*

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted October 7, 1975, at Detroit. (Docket No. 20207.) Decided December 3, 1975.

Gloria Mae Williams was convicted of control of heroin. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Barry J. Siegel,* Assistant Prosecuting Attorney, for the people.

*Lieberman & Tukel, P. C.,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

J. H. GILLIS, P. J. Defendant, Gloria Mae Williams, was convicted by a jury of control of heroin, MCLA 335.153; MSA 18.1123.[1] She was sentenced to a prison term of 32 to 48 months and appeals as of right. We reverse.

At trial, the prosecutor introduced testimony showing that defendant was arrested in the living room of the upstairs flat of a two-flat house she owned. Three tinfoil packets containing heroin were discovered in a jewelry box in her bedroom.

[1] This statute was repealed by 1971 PA 196; MCLA 335.341; MSA 18.1070(41).

Defendant testified in her own behalf, claiming she did not know the heroin was in her jewelry box. She explained, too, that she had once been a heroin addict but was not an addict when arrested.

On appeal, defendant contends that certain comments made by the prosecutor during closing and rebuttal arguments denied her a fair trial. Although we will discuss only one of those remarks, we do not, by so doing, imply approval of the others.[2]

During rebuttal argument, the prosecutor said:

"Ladies and gentlemen of the Jury, you have an opportunity to effect *[sic]* the drug traffic in this city. You have a voice. You have a chance to use it."

Although defense counsel objected to the comment, the trial court overruled the objection.

This comment was highly prejudicial. We believe the rationale of *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), controls this case. *Farrar, supra,* adopted the following American Bar Associ-

---

[2] The prosecutor, in closing argument, may draw reasonable inferences based on the evidence. *People v Giacalone,* 52 Mich App 428, 430; 217 NW2d 444, 445 (1974). In the instant case, although no evidence was introduced at trial indicating that narcotics were sold in defendant's home, the prosecutor argued "[t]his was a dope house". We noted the prejudicial effect of a similar comment, also unsupported by the evidence, in *People v Page,* 41 Mich App 99; 199 NW2d 669 (1972). In addition, in spite of the fact that no evidence was offered regarding the method by which the downstairs tenant paid rent to defendant, the prosecutor asked, "How do you think the rent was paid? Do you think it was paid in cash; or do you think it was paid in tin foil packs of Heroin?" Furthermore, although no evidence was produced connecting defendant with the heroin discovered in the downstairs flat, the prosecutor argued: " * * * that house belonged to Gloria Williams. She knew what was going on in that house. She was part of it. * * * And heroin was found downstairs. And that was certainly under the influence of the owner of the house".

Because there was no evidentiary support for these arguments, they were prejudicial and, consequently, improper. Although we need not determine whether these errors would require reversal, we discuss them to indicate our disapproval.

ation standard regarding prosecutorial conduct during argument to the jury:

"The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law."[3]

This Court is aware of the seriousness of the drug problem and realizes it touches the lives of many average citizens, generating much fear and dismay. We recognize, too, that jurors share the average citizen's desire to eliminate the narcotics traffic. In such an emotion-laden situation, sensibilities are easily inflamed. Because emotional reaction to social problems should play no role in the evaluation of an individual's guilt or innocence, prosecutors must exercise special care to avoid arousing jurors' emotions concerning such issues.

In the instant case, by arguing that the jurors had an "opportunity to effect [sic] the drug traffic in this city", the prosecutor appealed to the jurors' fears and encouraged them to go outside the evidence and decide the case on the basis of their desire to alleviate the drug problem. This type of prosecutorial argument does not comport with the mandate of *Farrar, supra,* and it will not be allowed by this Court. Consequently, defendant's conviction must be reversed.[4]

---

[3] *People v Farrar,* 36 Mich App 294, 299; 193 NW2d 363, 365 (1971), quoting from ABA Project on Standards for Criminal Justice, The Prosecution Function, Std. 5.8(d). *See also People v Gregory Williams,* 57 Mich App 521; 226 NW2d 547 (1975), applying *People v Farrar, supra.*

[4] We are aware of *People v Garcia,* 31 Mich App 447, 450; 187 NW2d 711 (1971), involving a charge of rioting, where the prosecutor told the jurors "[h]ere is your chance as a citizen to do something about this problem in Kalamazoo". Defense counsel in *Garcia, supra,* failed to object to that remark. Consequently, *Garcia, supra,* can be

We have considered the remaining issue raised by defendant, and we find no error as to it.

Reversed.

T. M. Burns, J., concurred.

Bronson, J. *(concurring).* I do not feel that we must decide in this case whether the single objected-to remark by the prosecutor, quoted in the majority opinion, alone requires reversal. The prosecutor indulged in a whole series of comments characterizing defendant as the operator of a "dope house". That allegation was not supported by the evidence, and focused the attention of the jury on issues broader than the guilt or innocence of Gloria Mae Williams. The prosecutor's remarks resulted in "manifest injustice", and require us to reverse the defendant's conviction, *People v Styles,* 61 Mich App 532; 233 NW2d 70 (1975).

distinguished from the case at bar. Additionally, because *People v Farrar, supra,* which adopted the ABA standard prohibiting this type of prosecutorial conduct, was decided after *Garcia, supra,* we believe the result in the instant case is correct.