PEOPLE v WIMBLEY

Docket Nos. 50866, 50867. Submitted June 1, 1981, at Grand Rapids.
    —Decided August 6, 1981.

Leroy Wimbley was convicted of two counts of delivery of mari-
    juana, one count of conspiracy to deliver marijuana, and, in
    another trial, of delivery of cocaine, Bay Circuit Court, Ira W.
    Butterfield, J. He appeals, alleging that he was transferred to
    Michigan while imprisoned in Ohio in violation of the inter-
    state agreement on detainers act, that he was denied his right
    to a speedy trial and to an impartial jury, that the prosecutor
    improperly made a deliberate appeal to the jury's civic duty,
    and that the trial court erred in instructing the jury in admit-
    ting certain similar acts evidence. The appeals were consoli-
    dated by the Court of Appeals. *Held:*

    1. The defendant failed to notify formally the prosecutor and
    court in Michigan of his imprisonment in Ohio and to request a
    final disposition of the charges pending against him in Michi-
    gan pursuant to the interstate agreement on detainers act. The
    defendant also failed to challenge properly his transfer to
    Michigan as required by the act, thereby losing his right to
    contest the legality of his delivery to Michigan.

    2. The defendant was not denied his right to a speedy trial.

    3. The defendant failed to challenge the voir dire of the jury
    during trial, precluding review on appeal, no prejudice to the
    defendant having been shown.

    4. The record reveals that the object of the prosecutor's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 404-407.
    Validity construction, and application of Interstate Agreement on
    Detainers. 98 ALR3d 160.
[3] 21A Am Jur 2d, Criminal Law § 867.
    Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[4] 21A Am Jur 2d, Criminal Law § 868.
[5] 21A Am Jur 2d, Criminal Law §§ 655, 662, 856.
[6] 5 Am Jur 2d, Appeal and Error § 628.
[7] 21A Am Jur 2d, Criminal Law § 646 *et seq.,* 836.
    76 Am Jur 2d, Trial §§ 1063, 1064.
[8] 75 Am Jur 2d, Trial § 624.
[9] 29 Am Jur 2d, Evidence §§ 320, 321.

examination of an expert witness was to elicit the value of the quantity of marijuana delivered by the defendant and not to appeal to the jury's civic duty.

5. A review of the trial court's instructions to the jury in their entirety reveals that they were proper and not misleading and that the defendant sustained no prejudice therefrom.

6. The trial court properly admitted evidence of the defendant's similar acts.

Affirmed.

1. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — PRISONERS — NOTICE — STATUTES.

The section of the interstate agreement on detainers act which provides that a defendant, who is imprisoned in a state which is party to the agreement and against whom an untried indictment, information, or complaint is pending in another party state, must notify in writing the appropriate prosecutor and court in the jurisdiction in which such action is pending of his place of imprisonment and must request that a final disposition of the pending matter be made requires strict compliance, and failure to observe the notice provisions precludes invocation of the act; an informal letter does not satisfy the act's notice requirement (MCL 780.601; MSA 4.147[1]).

2. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — PRISONERS — CHALLENGES TO DETAINERS — STATUTES.

A defendant, imprisoned in a state which is party to the interstate agreement on detainers, loses his right to contest the legality of his delivery to another party state in which an untried indictment, information, or complaint is pending upon failure to move the governor of the sending state to disapprove the transfer (MCL 780.601; MSA 4.147[1]).

3. CRIMINAL LAW — SPEEDY TRIAL — APPEAL.

Failure by a defendant to assert his right to a speedy trial results in a presumption that his right was not violated; in resolving a claim that such right was denied, the reviewing court should consider and balance: the length of delay in bringing the defendant to trial, the reason for the delay, whether the defendant asserted his right, and any resultant prejudice to the defendant.

4. CRIMINAL LAW — SPEEDY TRIAL.

The raising of the issue that a defendant was denied his right to

a speedy trial in a motion to dismiss charges pending is insufficient as an assertion of the right where it is contended in the motion that the right already has been violated.

5. CRIMINAL LAW — SPEEDY TRIAL.

A defendant's right to a speedy trial does not accrue until he is arrested; prejudice to the defendant will be presumed where the delay in bringing him to trial exceeds eighteen months following his arrest.

6. CRIMINAL LAW — APPEAL — JURY VOIR DIRE.

Review of jury voir dire is precluded where the challenging party failed to object to the dismissal of prospective jurors in the trial court absent a showing of prejudice ·to the party by the jury ultimately impanelled.

7. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEALS TO CIVIC DUTY — FAIR TRIAL.

A deliberate appeal by a prosecutor to a jury's ·civic duty to deal with a social problem related to the charges against a defendant denies the defendant a fair trial and constitutes error requiring reversal.

8. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

Jury instructions should be reviewed in their entirety, and where, overall, jury instructions are proper and not misleading and it does not appear that the defendant sustained manifest injury because of an isolated excerpt any error predicated on such isolated excerpt should not require reversal.

9. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS EVIDENCE.

Similar acts evidence may be admitted where it is probative of one or more of the statutorily specified purposes and one or more of the purposes is material.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. On December 6, 1979, defendant was convicted by a jury of two counts of delivery of marijuana, MCL 335.341; MSA 18.1070(41), and one count of conspiracy to deliver marijuana, MCL 750.157a; MSA 28.354(1). In another jury trial, on December 11, 1979, defendant was convicted of delivery of cocaine. MCL 335.341; MSA 18.1070(41). These four convictions were obtained under the Controlled Substances Act of 1971, since repealed and replaced, 1978 PA 368. Defendant appeals from all four convictions. Since many of the issues raised are common to both appeals, the cases have been consolidated.

Defendant was arrested and incarcerated in Ohio on December 9, 1978. While incarcerated, on December 10, 1978, a detainer was lodged against the defendant by the Bay City prosecutor's office. On December 15, 1978, defendant learned that a detainer was lodged against him. Defendant was sentenced in Ohio in February, 1979, and pursuant to the interstate agreement on detainers (hereinafter IAD), MCL 780.601; MSA 4.147(1), a detainer again was placed against him in March, 1979.

On July 18, 1979, the prosecutor's office requested that the governor of Ohio immediately approve the defendant's release to Michigan. The request was granted; defendant returned to Michigan on August 28, 1979, and was arraigned on August 30, 1979.

The defendant brought motions to dismiss based on noncompliance with Articles III and IV of the IAD and denial of his right to a speedy trial, which were denied. The defendant filed an applica-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion for leave to appeal to this Court which was denied on December 11, 1979.

The first issue on appeal is whether or not the IAD, MCL 780.601 *et seq.;* MSA 4.147(1) *et seq.,* was violated in two respects. The defendant claims that letters sent to his wife, or at least the copy of a letter which his Ohio attorney forwarded to the prosecutor's office, substantially complied with the notice requirements set forth in Article III of the IAD and thereby the convictions must be dismissed. We disagree.

Article III provides, in part, as follows:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial *within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint* * * *." (Emphasis supplied.)

Article V(c) of the IAD provides the following remedy in the event that Article III is violated:

"(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dis-

missing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

This Court on several occasions has stressed that the notice requirement of the IAD must be complied with strictly. *People v Beamon*, 83 Mich App 121; 268 NW2d 310 (1978), *Edmond v Dep't of Corrections*, 78 Mich App 196, 202; 259 NW2d 423 (1977). The defendant did not give the required written notice to the prosecutor to invoke the act. Informal letters do not satisfy the notice requirment of the act. *Id.*

The defendant claims that Article IV(a) of the IAD was violated when he was not afforded a hearing prior to his transfer to Michigan. We summarily reject this claim. Article IV(a) provides:

"The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: Provided, That the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request: And provided further, That there shall be a period of 30 days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner."

The right to contest the delivery to another state is lost when an inmate, who contests the legality of delivery to the other state, fails to move the governor of the sending state to disapprove the

transfer. *Cody v Morris,* 623 F2d 101 (CA 9, 1980), *State v Thompson,* 133 NJ Super 180; 336 A2d 11 (1975).

The defendant contends that his right to a speedy trial, guaranteed by the Sixth Amendment, was violated. In *People v Grimmett,* 388 Mich 590, 605-606; 202 NW2d 278 (1972), pursuant to *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), the Michigan Supreme Court adopted the following balancing test to resolve denial of speedy trial claims:

" 'Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' "

Recently this Court has held that failure to assert the right to a speedy trial is strong support that the constitutional guarantee was not violated. *People v Ewing,* 101 Mich App 51, 55; 301 NW2d 8 (1980). The Supreme Court in *Barker, supra,* 532, also emphasized that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial".

The defendant first mentioned the speedy trial issue in a motion to dismiss heard on November 26, 1979. This cannot be construed as an assertion of the right to a speedy trial since this motion contended that the defendant's rights *already* had been violated. Therefore, the factor in *Grimmett, supra,* namely, that defendant assert his right to a speedy trial, is not satisfied. Prejudice to the defendant's case is not presumed until the passage of 18 months. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972). The defendant argues that the right to a speedy trial accrues when a warrant for arrest is issued. Under this analysis there would be a 26-

month delay. However, *United States v Marion*, 404 US 307; 92 S Ct 455; 3 L Ed 2d 468 (1971), held that the right to a speedy trial is not triggered until a person is arrested. Only 12 months passed between the time when the defendant was arrested in Ohio and the time when he was ultimately brought to trial in Michigan. Where 12 months passed between arrest and trial, defendant had to establish that the delay prejudiced his case, which he failed to do. *People v Butcher,* 46 Mich App 40; 207 NW2d 430 (1973).

In *Barker, supra,* 533, a passage on the interrelationship of the four factors to consider a speedy trial claim stated:

"We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. *In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."* (Emphasis added.)

After balancing the factors in *Grimmett, supra,* we find no basis on which to hold that the defendant's constitutional right to a speedy trial was denied.

There are four remaining issues raised by defendant. The defendant argues that his constitutional right to a jury representative of the community was denied when five jurors, who either expressed personal doubts about marijuana laws or stated they might be prejudiced in drug cases, were dismissed for cause.

The voir dire of the jury is challenged for the first time on appeal. The prosecutor affirmatively agreed to the dismissal of four of the five jurors

and was silent, not indicating an objection, during the dismissal of one juror for cause.

As a general rule, to challenge the voir dire of the jury on appeal, objection should be taken immediately when the jurors are excused. *People v Costea,* 19 Mich App 166; 172 NW2d 488 (1969). Where there are no previous objections to the dismissal of jurors, this Court will reach the issue only if the defendant demonstrates prejudice by the jury ultimately selected. *People v Clyburn,* 55 Mich App 454; 222 NW2d 775 (1974). The defendant offers no evidence to indicate that he was prejudiced by the jury impanelled. To the contrary, no objections were raised during the voir dire of the jury, indicating that the competency or impartiality of the jury was not questioned.

This Court does not find that irrelevant and prejudicial testimony was allowed when an expert witness testified regarding the number of "dime bags" which could be produced from the quantity of marijuana delivered. The expert witness, when asked a question regarding the average weight of marijuana which he had analyzed, volunteered:

"I would say in 75—around 75% of the cases, as I recall, were what was labeled a 'dime' bag and were probably confiscated from teenagers or someone in that class from a high school range."

Defendant contends that this testimony improperly injected into the trial the jury's civic duty to deal with the problem of drugs.

In *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975), this Court held that deliberate appeals to a jury's civic duty to deal with the problem of drugs denies defendant a fair trial. *Gloria Williams* is not controlling here since there was no deliberate appeal to the jury's civic duty to

536 Mich App 527 [Aug

bring in a conviction. The whole tenor of the prosecutor's examination reveals that the object of the question was to elicit the value of the substance, not who would buy it.

At the beginning of trial defendant's attorney emphasized that all elements of the charge were in issue. During trial a defendant retains the possibility of asking for an instruction on possession with intent to deliver marijuana. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). Since the street value of marijuana would be relevant upon interposing the issue of intent to deliver, we do not find that the admission of such evidence was irrelevant. *People v Gould,* 61 Mich App 614; 233 NW2d 109 (1975).

The trial court erroneously instructed the jury that mere preparation was enough to establish an attempted delivery of marijuana. *People v Coleman,* 350 Mich 268; 86 NW2d 281 (1957). Although no objection was taken below it is argued that this instruction constitutes error requiring reversal. We disagree.

This Court has often approved the principle that the defendant must object timely to an instruction so that, where possible, the defect can be cured. *People v Willie Johnson,* 58 Mich App 165; 227 NW2d 272 (1975). Where an objection is not timely, absent manifest injustice, the allegation of error properly is not before the Court. *Id.*

A subsequent instruction, upon defendant's request, was given by the trial court to clarify that mere preparation to deliver was not enough for conviction. The separate instruction accurately and clearly stated the law,[1] with special emphasis

---

[1] Under the Michigan substance control law the attempted delivery of marijuana has been merged into the completed offense. MCL 333.7105; MSA 14.15(7105).

that mere preparation was not enough to support a conviction.

On several occasions, we have held that jury instructions are to be reviewed for error in their entirety, not by isolated excerpts. *People v Frank Johnson,* 58 Mich App 1; 226 NW2d 730 (1975), *People v Fields,* 64 Mich App 166; 235 NW2d 95 (1975). Overall, the jury instructions were proper and not misleading. There is no evidence that the defendant sustained manifest injury from the first instruction, especially where he was convicted on the charge of delivery, not the lesser charge of attempted delivery.

Finally, defendant contends that evidence was admitted in contravention of the similar acts statute, MCL 768.27; MSA 28.1050. This contention is without merit.

The prosecution offered evidence that a second packet, following the cocaine transaction, was exchanged between defendant and the undercover officer. An expert witness testified that the substance in the second packet was not a controlled substance. At this point, the trial court judge gave a cautionary instruction to the jury.

MCL 768.27; MSA 28.1050 provides:

"In any criminal case where the defendant's motive [or] intent * * * in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive [or] intent * * * in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto * * *."

Although it is true that the second packet turned out not to be a controlled substance, contemporaneously with the exchange, defendant stated that the packet's contents would "knock the head off" the undercover agent. Clearly, the words surround-

ing the transaction involving the second packet of powder indicate that in selling the first packet defendant knew the character of the substance possessed and intended it to be of a narcotic nature.

In *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979), the Supreme Court enumerated the requirements for admission of similar acts evidence: 1) it must be probative of one or more of the statutorily specified purposes; and 2) one or more of these purposes must be material, that is, a proposition "in issue" in the case. The test in *Major* is satisfied since the evidence went to the issue of defendant's knowledge and intent which are material elements to the delivery of a controlled substance.

Affirmed.