PEOPLE v FARMER

CRIMINAL LAW—COMPETENCY TO STAND TRIAL—MOTION FOR COMMITMENT—DISCRETION—COURT RULES.

> A request for a forensic evaluation to determine competency to stand trial, made by a defendant on the day of trial, after the case was called, was properly denied by the trial judge after examining both the defendant and his counsel regarding the defendant's competency to stand trial; the decision to entertain an oral motion for such forensic evaluation lies in the discretion of the trial judge (MCLA 767.27a; GCR 1963, 786).

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 February 7, 1974, at Detroit. (Docket No. 16723.) Decided May 1, 1974.

Wilburn Farmer was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas F. McGuire,* Assistant Prosecuting Attorney, for the people.

*Solomon & Stern,* for defendant.

Before: BASHARA, P. J., and DANHOF and R. L. SMITH,* JJ.

BASHARA, P. J. Defendant was convicted by a

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 26 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jury of breaking and entering.[1] The only issue raised on appeal arises out of a request, made by defendant through his counsel, for a forensic evaluation to determine his competency to stand trial. The motion was made on the day of trial, after the case was called. Both the prosecutor and defense counsel indicated that they were ready to proceed to trial. The trial judge, after examining both the defendant and his counsel, denied the motion.

It is appellant's position that once a defendant has indicated he may be incompetent to stand trial, the trial judge has a non-discretionary duty to commit the defendant for a psychiatric evaluation. Appellee, on the other hand, contends that when the defendant presented his request orally, on the day of the trial, the trial judge could properly examine the defendant and deny the motion.

The applicable statute, MCLA 767.27a; MSA 28.966(11), states as follows:

"(1) A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this section if he is incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner.

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule. * * * "

GCR 1963, 786.1, .2 and .3 indicate when and

---

[1] MCLA 750.110; MSA 28.305.

how the issue of incompetency to stand trial may
be raised:

".1 The issue of a defendant's competence to stand
trial as defined in Act No. 266 of the Public Acts of
1966 may be raised at any time before trial by a
written motion to commit the defendant to the depart-
ment of Mental Health.

".2 The issue of defendant's competence to stand trial
may be raised during trial only by the trial court on its
own motion.

".3 If defendant is the moving party, the court shall
order the defendant committed to a diagnostic facility
certified by the department of Mental Health for the
performance of forensic psychiatric evaluation for a
period not to exceed 60 days from the date of the
commitment order."

The defendant in the instant case failed to com-
ply with the applicable court rule requiring that
the motion be in writing if made before trial. GCR
1963, 786.1. The court rule is silent on what action
should be taken when a request for commitment
fails to comport with its established procedures.
Absent more specific direction by the court rules,
the decision to entertain an oral motion for com-
mitment before trial has begun lies within the
wise discretion of the trial judge. We will reverse
only upon a showing of abuse of that discretion.

Examination of the record reveals that defend-
ant was represented by counsel at all stages of the
proceedings up to and including the time when the
case was "called" for trial. At that time the issue
of competency was raised and the trial court began
an inquiry into defendant's ability to stand trial.
The trial judge personally questioned the defend-
ant to determine whether there might be any
showing that defendant could not assist counsel at
trial. The testimony revealed that the defendant

might have been hallucinatory during the course of commission of the offense, but that he was competent to assist counsel at the time of trial.

It is therefore this Court's conclusion that there was no abuse of discretion by the court in denying defendant's request for commitment for psychiatric evaluation.

Affirmed.

All concurred.