PEOPLE v HENRY SMITH

Docket No. 57632. Decided March 29, 1976.

Henry L. Smith was convicted by a jury in Recorder's Court of Detroit, Henry Heading, J., of armed robbery. The trial judge instructed the jury before their deliberations started that he intended to deny any request for rereading of testimony during their deliberations. The Court of Appeals, T. M. Burns, P. J., and Quinn and M. J. Kelly, JJ., affirmed (Docket No. 20845). The defendant applies for leave to appeal. *Held:*

Foreclosing the opportunity to have testimony reread to the jury during deliberations was reversible error; application of the harmless error doctrine is inappropriate in the absence of any factual basis concerning what went on in the jury room upon which to review whether the error was harmless.

65 Mich App 95; 237 NW2d 199 (1975) reversed.

1. TRIAL—INSTRUCTIONS TO JURY—REREADING TESTIMONY.

Instructions to the jury which foreclosed the opportunity to have testimony reread to the jury during deliberations were reversible error in the absence of any record of the jury's deliberations upon which to review whether the error was harmless.

2. APPEAL AND ERROR—HARMLESS ERROR—RECORD ON APPEAL.

Conjecture about what went on in the jury room should not be the basis for determining whether giving an erroneous instruction to the jury was harmless error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*

Per Curiam. The trial judge instructed the jury:

"Now before you go in, I will not reread any testimony, so don't ask for that. If there is a question of law, all you will have to do is rap on the door and I will bring you back out and explain that to you. A question of law, but not a question of fact. Do we understand that? All right. Will you kindly step inside the jury room."

The jury convicted defendant of armed robbery. On appeal, defendant argues that the trial judge's instruction was reversible error. The Court of Appeals agreed that the instruction was erroneous in light of *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974):

"If it is error for a trial court to refuse a jury's request for a rereading of particular excerpts of testimony on the ground that undue emphasis might be placed on the same *[Howe], a fortiori,* it is error where the trial court, before the jury has retired to consider its verdict, completely forecloses the possibility of having any testimony reread. This is what happened in the case at bar, and accordingly we find that the trial court erred in failing to recognize that it had such discretion and, therefore, in failing or refusing to exercise it." 65 Mich App 95, 99; 237 NW2d 199 (1975).

The Court of Appeals nevertheless affirmed because they found the error harmless. They found no "confusion or ambiguity as to the testimony of witnesses," noted that the jury reached its verdict in less than two hours, and concluded that the "totality of circumstances * * * convinces us that no miscarriage of justice occurred." 65 Mich App 100; 237 NW2d 201.

Although we agree with the Court of Appeals that it was error on the part of the trial judge to

completely foreclose the opportunity of having testimony reread, *Howe, supra,* we do not agree that the harmless error doctrine can be applied to this factual situation. Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse defendant's conviction and remand to the trial court for further proceedings.

Since the judge specifically foreclosed any re-reading, it is impossible for one not present in the jury room to know if in fact the jury needed testimony read back to it "to resolve a disagreement or correct a memory failure." *Howe, supra,* 392 Mich 670, 676. Although we pointed out potential sources of ambiguity in *Howe,* we also said, "We have no knowledge, of course, of the extent of the jury's confusion." 392 Mich 670, 678. We were able in *Howe* to pinpoint the jury's concern about specific testimony because the instruction foreclosing rereading came after the jury had begun deliberating and in response to a request to the court for further enlightenment. In this case, the judge's instruction before the jury began deliberations that a request would not be honored informed the jury that a request would have been unavailing.

It is conjectural to point to the time of jury deliberation, as the Court of Appeals did, as support for the supposition that the jury was not confused; it could also mean that those jurors who did not remember specific testimony, after being advised that they could not get additional help, allowed themselves to be persuaded by those who did remember. Conjecture about what actually went on in the jury room should not be the basis for determining whether the error was harmless. The fact is we do not know what occurred in the jury room.

Absent any factual basis upon which to review

whether the error committed was harmless, we do not agree that application of harmless error doctrine is appropriate in this case.

Reversed and remanded for new trial.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.