PEOPLE v RODRIGUEZ

Docket No. 48740. Submitted October 16, 1980, at Lansing.—Decided
    January 22, 1981. Leave to appeal applied for.

Ernest D. Rodriguez was convicted of second-degree murder,
    Oakland Circuit Court, William J. Beer, J. Defendant appeals,
    alleging that the trial court erred by instructing the jury that
    they should pay close attention because the judge was not
    inclined to read back testimony after the jury began its deliber-
    ations and by denying defense counsel's motion, made during
    trial, for a forensic evaluation of the defendant and that the
    prosecutor erred in eliciting certain testimony. *Held:*

1. The instruction regarding the reading back of testimony
    was error.

2. The record indicates that the trial court failed to exercise
    its discretion when it summarily denied the motion for a
    forensic evaluation. This was error.

3. The allegation of prosecutorial error was not objected to at
    trial and was, therefore, not preserved for review.

Reversed and remanded.

M. J. CAVANAGH, P.J., dissented. He would hold that the trial
    court's making of the statement regarding the reading of
    testimony was not error, as it did not completely foreclose the
    opportunity of having testimony read back, came at the close of
    the people's proofs rather than as a portion of the jury instruc-
    tions, and clearly was intended to impress upon the jury the
    importance of paying attention. He also would find no error in
    the denial of the defense motion for a forensic evaluation
    because the grounds for the request were not sufficient. He
    would affirm.

OPINION OF THE COURT

1. HOMICIDE — MURDER — JURY INSTRUCTIONS — REREADING TESTI-
    MONY.
    An instruction to a jury in a murder trial that they should pay

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Appeal and Error §§ 810, 894, 895.
[2] 56 Am Jur 2d, Motions § 25.
[4] 21 Am Jur 2d, Criminal Law § 63.

close attention because the trial judge was not inclined to read back any testimony after the jury began its deliberations was reversible error.

2. CRIMINAL LAW — COMPETENCY — FORENSIC EVALUATION — JUDGE'S DISCRETION.

The decision of whether to grant or deny a defendant's motion for a forensic evaluation lies in the discretion of the trial court; a denial of such a motion was erroneous where the record indicates that it was made summarily and that the trial court did not exercise its discretion in denying the motion.

DISSENT BY M. F. CAVANAGH, P.J.

3. CRIMINAL LAW — JURY INSTRUCTIONS — REREADING TESTIMONY.

*A trial court's making of a statement to the jury that they should pay attention because the court was not inclined to read back testimony after the jury began its deliberations was not error where the statement did not completely foreclose the opportunity to have testimony read back, came at the close of the people's proofs and not at the time the jury was instructed, and clearly was intended to impress upon the jury the importance of paying attention to the testimony.*

4. CRIMINAL LAW — COMPETENCY.

*A defendant's responses of "I can't remember" and "no comment" and his statement that his victim may have been armed were not sufficient to render the defendant incompetent to stand trial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Raymond, Rupp & Wienberg, P.C.* (by *Glenn Essebaggers),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. Defendant was charged with

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

first-degree murder, contrary to MCL 750.316; MSA 28.548. On October 23, 1979, he was convicted of second-degree murder, contrary to MCL 750.317; MSA 28.549. He was sentenced to a term of life imprisonment and appeals as of right.

At the close of the prosecution's proofs, the trial court instructed the jury to pay close attention because, "this Judge is not inclined after you go into deliberation to have testimony read back in any way". On appeal, defendant contends that the instruction resulted in reversible error. We agree. See *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), and *People v Smith,* 396 Mich 109; 240 NW2d 202 (1976).

Defendant also contends that the trial court erred in denying defense counsel's motion for a forensic center evaluation to determine the issue of defendant's competency to stand trial. Since a review of the record indicates that the trial court did not exercise its discretion in summarily denying defendant's motion, we find reversible error. *People v Farmer,* 53 Mich App 133; 218 NW2d 836 (1974), MCL 330.2020; MSA 14.800(1020), GCR 1963, 786.2(b), 786.3(a).

Since defendant's other claim of error, that the prosecutor erred in eliciting certain rebuttal testimony, was not objected to at trial, the issue has not been preserved for appellate review.

Reversed and remanded for a new trial consistent with this opinion.

T. M. Burns, J., concurred.

M. F. Cavanagh, P.J. *(dissenting).* I must respectfully dissent from my brothers' conclusion that defendant's conviction must be reversed.

I do not read the trial court's statement to the

jury as foreclosing the opportunity for the jury to have testimony reread. In both *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), and *People v Smith,* 396 Mich 109; 240 NW2d 202 (1976), the trial judge completely foreclosed the opportunity of having testimony reread. That is not the case here. This comment did not completely foreclose the opportunity, came at the close of the people's proofs and not at the time the jury was instructed, and clearly was intended to impress upon the jurors the importance of their paying attention to the testimony.

As to the competency motion, I do not consider the defendant's responses of "I can't remember", and "No comment", and his midtrial statement that the victim may have had a gun, which surprised his attorney, to be sufficient to render the defendant incompetent, that is, "incapable * * * of assisting in his defense in a rational or reasonable manner". MCL 767.27a; MSA 28.966(11). The defendant had been found competent in two previous evaluations. I find no abuse of discretion in the trial court's denial of the motion. *People v Nelson Johnson,* 58 Mich App 473; 228 NW2d 429 (1975).

As I find no merit in the third issue raised on appeal, I would affirm.