# Order

Michigan Supreme Court
Lansing, Michigan

December 15, 2008

137380

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

REGINALD EUGENE HOLMES,
        Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 137380
COA: 277816
Wayne CC: 06-007933-01

On order of the Court, the application for leave to appeal the July 15, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the defendant's convictions. The trial court did not abuse its discretion in denying the jury's request for a copy of the entire transcript after a little over an hour of deliberation. Because the jury requested the entire transcript and did not request "a review of certain testimony or evidence," the trial court did not violate MCR 6.414(J). The defendant did not demonstrate plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763 (1999).

MARKMAN, J. (*concurring*).

I concur in this Court's decision to reverse the judgment of the Court of Appeals and reinstate defendant's convictions. I write separately only to respond to the dissent's statement that the instant case is "similar" to *People v Howe*, 392 Mich 670 (1974). In *Howe*, the jury requested "certain testimony," MCR 6.414(J), i.e., that of the *two* principal witnesses in the case, whereas, in the instant case, the jury requested the testimony of *all* the witnesses. Even more significantly, however, in *Howe*, the trial court denied the jury's request outright and made it clear that it would not reconsider its decision because it thought, incorrectly, that it would be improper to provide the jurors with the testimonies of two witnesses only, and not those of other witnesses, because the jury might place too much emphasis on the testimonies of those two witnesses. By contrast, in the instant case, the trial court's decision was clearly provisional because it made clear that the only reason it was denying the request "at this juncture" was because

a transcript was not "yet" available. Therefore, unlike the court in *Howe,* the court here clearly did not "foreclose[]" the "possibility of having the testimony . . . reviewed at a later time," as is prohibited by MCR 6.414(J).

KELLY, J. (*dissenting*).

I would affirm the judgment of the Court of Appeals and remand the case for a new trial. Defendant was on trial for various weapons charges. The jury sent several notes to the judge during deliberations. One of the notes, sent about an hour into deliberations, requested a transcript of the testimony. The trial court instructed the jury:

> The case isn't old enough to have a transcript yet, and we've only had a day and a half of testimony, altogether maybe just a day. You have to use your collective memories, your collective memories as to what you saw and what you heard. At this juncture we do not have a transcript. You may return to the jury room to continue your deliberations.

Defense counsel neither objected to nor approved of the instruction. The jury never again asked the court for a transcript.

MCR 6.414(J), which governs jury requests for testimony, provides:

> If, after beginning deliberation, the jury requests a review of certain testimony or evidence, the court must exercise its discretion to ensure fairness and to refuse unreasonable requests, but it may not refuse a reasonable request. The court may order the jury to deliberate further without the requested review, so long as the possibility of having the testimony or evidence reviewed at a later time is not foreclosed.

It was, of course, entirely reasonable that the trial judge in this case could not provide the jury with a trial transcript soon after the jury began its deliberations. Nevertheless, under MCR 6.414(J) a judge may not foreclose the possibility of a jury review of the transcript at a later time.

This Court considered similar circumstances in *People v Howe*[1] when the jury requested the transcript of testimony from two witnesses. In *Howe*, this Court

---

[1] *People v Howe,* 392 Mich 670 (1974). Justice Markman points out that, in *Howe,* the jury requested the testimony of only two witnesses, whereas in this case it requested the testimony of all the witnesses. This fact is not key to *Howe*'s application here. Regardless of the scope of a request, a trial judge cannot foreclose the possibility of having the testimony or evidence reviewed at a later time.

determined that the trial judge had erred in responding to the jurors' request for testimony because the judge (1) "never indicated to the jury that a more specific request would be granted," (2) "never indicated to the jury that their request could be entertained at a later point in their deliberations," (3) "clearly stated that he could not grant [the jurors'] request," and (4) "instructed the jury to 'rely on your memory[,]' thus directing them to attempt to reach a verdict based upon what they were able to recall from the trial testimony."[2] All of these errors occurred in the present case.

Given the trial judge's instruction, a reasonable juror would infer that there would be no opportunity to review any of the trial testimony.[3] The jury was not afforded any alternatives to a trial transcript, such as having the court reporter read back portions of the testimony.[4] Nor was the jury told when a trial transcript would be available so it could renew its request. The jurors were told to use their collective memory in deliberations.

As the Court of Appeals noted, it is impossible to know what effect the trial transcript would have had on the jury's deliberations. We do not know what occurred in the jury room.[5] The Court of Appeals correctly found error that required reversal, because the trial court's instructions in this case left the jury with the impression that it was foreclosed from reviewing any testimony at all. I would affirm.

CAVANAGH, J., joins the statement of KELLY, J.

---

[2] *Id.* at 677-678.

[3] Justice Markman asserts that the trial court's decision was "clearly provisional." There was nothing provisional about it. The judge refused the jurors' request for the transcripts. She then told them to return to the jury room and rely on their collective memories. This left the jurors with the impression that they had to continue deliberations and agree on a verdict without any recapitulation of the testimony. Nothing in the trial judge's comments to the jury indicated that a transcript would be available at a future time.

[4] MCR 6.414(J) does not explicitly require the trial judge to provide the jury with alternatives to unreasonable requests for testimony. Alternatives may not be necessary in every situation. However, providing an alternative here would have assured the jury that it was not foreclosed from reviewing other sources of the trial testimony or the transcripts at a future time.

[5] *People v Smith,* 396 Mich 109, 111 (1976). It is worth noting that in the instant case the jury sent the judge a note stating that "we are undecided on all three counts. There will be no anonymous [sic] decision."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2008

*Corbin R. Davis*

Clerk